IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

GIZMODO MEDIA GROUP, LLC,          )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )
                                   )        Case No. 17-cv-05814-ER
FEDERAL BUREAU OF                  )
INVESTIGATION,                     )
                                   )
        Defendant.                 )
                                   )

## SUPPLEMENTAL DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     As stated in my previous declaration in this case, I am the Section Chief of the Record/Information Dissemination Section ("RIDS"), Information Management Division ("RMD"), in Winchester, Virginia.[1] The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(2)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to Plaintiff's request for information from its files under the provisions of FOIA, 5 U.S.C. § 552. Specifically, I am familiar with the FBI's handling of Plaintiff's FOIA request dated May 18, 2017, seeking records on Roger Eugene Ailes.

(3)     In response to Plaintiff's FOIA request, the FBI initially processed a total of 147 pages. Of these pages, 32 pages were released in full, 81 pages were released in part, and 34 pages

---

[1] In May 2018, the name of IMD was changed from the Records Management Division ("RMD").

were withheld in full. Of the 34 withheld pages, six were duplicates of other pages.

(4)     On March 19, 2018, I submitted a declaration in support of the FBI's Motion for Summary Judgment in accordance with *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). I provide this supplemental declaration to provide to the Court additional information about documents located in response to Plaintiff's FOIA request.

(5)     All facts set forth in my previous declaration were accurate, and described the methods used to conduct a search in response to Plaintiff's FOIA request. However, since the time that my declaration was filed, the FBI has updated the mechanism for how it searches the Central Records System ("CRS") in response to FOIA requests.

(6)     As noted in my prior declaration, the FBI previously conducted searches using the Automated Case Support ("ACS") system, which was an electronic, integrated case management system. Dkt. No. 17, ¶ 17. The Universal Index ("UNI") was the automated index for the FBI's CRS, and allowed index searches to be completed in ACS. *Id.* ¶ 18. Sentinel is another FBI case management system that provided a supplemental method of searching FBI records. *Id.* ¶ 19.

(7)     On August 1, 2018, the ACS case management system was decommissioned and ACS data was migrated into Sentinel, including the ACS indices data and digitized investigative records formerly available therein. This migration replaced the UNI search methodology; therefore, all CRS index data from the UNI application previously searched via ACS is now searched through the "ACS index search" function within Sentinel. Sentinel is now the platform used to query ACS indexed main or reference entries in case files. The Sentinel platform has slightly different search capabilities than the ACS and UNI search methodology.

(8)     On or about August 23, 2018, the FBI conducted a search in response to an unrelated FOIA request in the Sentinel system. The FBI entered the search term "Roger Ailes"—

which was both a search term for the unrelated FOIA request and for Plaintiff's request—into the search field of the ACS Index search tab within Sentinel. Due to the slight search capability differences between the decommissioned ACS system and updated Sentinel system, the FBI located three (3) additional file numbers responsive to Plaintiff's request, resulting in 31 additional responsive pages. In this new search, the FBI also located all of the same results it previously found in the search conducted in response to Plaintiff's request in this case.

(9)     Both of the Government's searches were adequate and searched all systems and locations reasonably likely to contain responsive records. The Government has now produced all results it has identified as responsive to Plaintiff's request, and determined there are no other systems or locations reasonably likely to contain records responsive to Plaintiff's request.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of November, 2018.


DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia