UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GIZMODO MEDIA GROUP, LLC,

        Plaintiff,

-against-

FEDERAL BUREAU OF INVESTIGATION,

        Defendant.

<u>OPINION AND ORDER</u>

17 Civ. 5814 (ER)

Ramos, D.J.:

  Gizmodo Media Group, LLC brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the Federal Bureau of Investigation. In May 2017, Gizmodo submitted a FOIA request to the FBI seeking records relating to Roger Eugene Ailes, the founder and former CEO of Fox News. The FBI conducted a search of its systems for records and released 113 pages to Gizmodo. Gizmodo now challenges the scope of the search conducted. The parties cross-move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, the FBI's motion for summary judgment is GRANTED and Gizmodo's is DENIED.

**I. BACKGROUND**

  Before addressing Gizmodo's FOIA request and the instant lawsuit, the Court will briefly describe the FBI's record-keeping system.

  A. *FBI's Records System*

  The FBI files information that it acquires in the course of fulfilling its law enforcement, counterterrorism, and intelligence gathering missions in its Central Records System ("CRS"). Doc. 17 ¶ 13. The CRS contains records of files from the entire FBI organization, including files

from the FBI Headquarters, FBI Field Offices, and the FBI Legal Attaché Offices worldwide. Doc. 17 ¶ 13.  Many classification systems exist for the vast amount of records in the CRS; for example, one system classifies records by the type of criminal conduct investigated.  Doc. 17 ¶ 14.

FBI records are indexed so that they may be searchable.  Doc. 17 ¶ 15.  The "General Indices" to the CRS are the means by which investigators and support staff can determine what files the FBI possesses on a particular topic.  Doc. 17 ¶ 15.  Indices generally fall into two types: main entries and reference entries.  Doc. 17 ¶ 15.  Main entries pertain to the subject of the document; such a document carries the name of the individual, organization, or other subject matter that is the designated subject of the file to which the document belongs.  Doc. 17 ¶ 15. Reference entries refer to records that concern a different subject matter but make some mention of another individual, organization, or subject.[1]  Doc. 17 ¶ 15.  FBI investigators and support staff index information out of operational necessity only.  Accordingly, the general indices do not exhaustively list every subject matter referenced in the FBI's records.  Doc. 17 ¶ 16.

FBI agents rely upon two case management systems in their line of work:  Automated Case Support ("ACS"), and the subsequently implemented Sentinel system.  Doc. 17 ¶¶ 17–19. ACS houses the Universal Index ("UNI"), an automated index of CRS, which enables the FBI to search through the CRS.  Doc. 17 ¶ 18.  A UNI search is capable of locating FBI records created before the 1995 implementation of ACS.  Doc. 17 ¶ 18.  Older CRS records that were not indexed to UNI remain searchable by manual review of index cards known as "manual indices."

---

[1] "For example, if FBI had a file devoted to the activities of Mickey Mouse, there would be a 'Mickey Mouse' main entry in the General indices which would reference Mickey Mouse's file.  If Mickey Mouse were also mentioned in FBI's file on Minnie Mouse, there might also be a 'Mickey Mouse' reference entry in the General indices, which would reference Minnie Mouse's file." *Labella v. F.B.I.*, 2008 WL 2001901, at *2 (E.D.N.Y. May 8, 2008), *aff'd*, 332 F. App'x 715 (2d Cir. 2009).

Doc. 17 ¶ 18 n.4.  Currently, UNI consists of approximately 118 million searchable records.  Doc. 17 ¶ 18.

Sentinel became effective FBI-wide on July 1, 2012.  Doc. 17 ¶ 19.  As with ACS, when a record is generated in Sentinel, its information is indexed for future retrieval.  Doc. 17 ¶ 19.  All FBI records are created electronically via Sentinel since its 2012 implementation.  Doc. 17 ¶ 19.

On August 1, 2018, the ACS case management system was decommissioned.  Doc. 25 ¶ 7.  All ACS data, including record indices, migrated to Sentinel.  Doc. 25 ¶ 7.  Records formerly searched through the UNI application in ACS are now searchable through the "ACS index search" function within Sentinel.  Doc. 25 ¶ 7.  This Sentinel search function has slightly different search capabilities than UNI.  Doc. 25 ¶ 7.

B.     *Gizmodo's FOIA Request and Lawsuit*

On May 18, 2017, Gizmodo submitted a FOIA request seeking "[a]ll records and communications specifically referring to, or otherwise regarding the deceased:  Roger Eugene Ailes."  *See* Doc. 1, Ex. A.  Roger Ailes is the former CEO of a popular media company, Fox News.  Citing to a news article, Gizmodo claimed that "Fox News is currently under investigation by the U.S. Department of Justice, as well as reportedly the U.S. Postal Inspection Service, over settlements it paid to women who filed sexual harassment suits against Ailes, the subject of this request."  Doc. 1, Ex. A.  Gizmodo requested that, in addition to the records relating to Ailes, the FBI provide "records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched and any tracking sheets used to track the processing of this request."  *See* Doc. 1, Ex. A.

3

On June 1, 2017, the FBI confirmed receipt of Gizmodo's FOIA request and assigned the request the number 1375045-000. Doc. 17 ¶ 7.

Upon receiving Gizmodo's FOIA request, the Record/Information Dissemination Section ("RIDS") in the Records Management Division ("RMD") of the FBI conducted an initial CRS index search for responsive records using UNI and the manual indices. Doc. 17 ¶ 20. RIDS used the following terms in its UNI search: "Ailes, Roger, Eugene," "Ailes, Roger, E," "Ailes, Roger." Doc. 17 ¶ 22. The UNI search included a three-way phonetic search, a search done based on the phonetic characteristics of the name entered, Doc. 17 ¶ 22 n.6. Doc. 17 ¶ 22. RIDS also searched through the manual indices available at the FBI Headquarters, Newark Field Office, New York Field Office, and Washington Field Office. Doc. 17 ¶ 22. These two searches produced responsive documents totaling 147 pages indexed under the subject's name, Roger Eugene Ailes.[2] Doc. 17 ¶ 24.

On August 1, 2017, more than two months after submitting its request, Gizmodo sued the FBI. Because more than twenty days had elapsed since Gizmodo had made its request, and the FBI had failed to provide any documents in that time, Compl. ¶ 12, the FOIA request was constructively denied under 5 U.S.C. § 552(a)(6)(A).[3] In its complaint, Gizmodo alleged that the FBI violated FOIA by wrongfully withholding agency records. Compl. ¶ 14.

After Gizmodo's suit was filed, the FBI conducted another search of CRS, Doc. 17 ¶ 23, this time using Sentinel in addition to ACS and the manual indices. Doc. 17 ¶ 23. RIDS used

---

[2] The initial CRS search covered the Electronic Surveillance (ELSUR) Indices, the Microphone Surveillance (MISUR) Indices, the Physical Surveillance (FISUR) Indices, and the Technical Surveillance (TESUR) Indices. Doc. 17 ¶ 20 n.5. Gizmodo specified these indices to search in its FOIA request to the FBI. Doc. 17 ¶ 20 n.5.

[3] "Each agency, upon any request for records . . . shall . . . determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request . . . ."

the same search terms as the original search.  Doc. 17 ¶ 23.  No additional responsive records were found.  Doc. 17 ¶ 23.  The FBI filed its answer on September 18, 2017.  Doc. 10.

On January 12, 2018, the FBI released its responsive records to Gizmodo.  Doc. 17 ¶ 11.  The FBI had reviewed 147 pages in total, Doc. 17 ¶ 4, and 113 of those pages were released to Gizmodo.  Doc. 17 ¶ 4.  The FBI withheld certain parts of the released pages, and certain entire pages, pursuant to FOIA Exemptions (b)(3), (b)(6), (b)(7)(C), and (b)(7)(E).  Doc. 17 ¶ 11.  In addition to the 113 pages that were disclosed, the FBI's search also identified three files that were destroyed and one file that was transferred to the U.S. National Archives and Records Administration ("NARA").  Doc. 17 ¶¶ 26, 27.  None of these files could have been reviewed for responsiveness, as they no longer exist or are no longer in the FBI's custody.  Doc. 17 ¶ 27.

Shortly after the FBI released the responsive records to Gizmodo, the parties agreed that Gizmodo would not challenge any redactions or withholdings in the FBI's production.  Thus, the sole issue in dispute on summary judgment is the adequacy of the FBI's search.  Almquist Lively Decl. ¶¶ 2–4.  On March 19, 2018, the FBI moved for summary judgment.  Doc. 14.  On April 19, 2018, Gizmodo cross-moved for summary judgment.  Doc. 18.

On August 23, 2018, approximately three weeks after the migration of ACS indices to Sentinel, the FBI conducted a search in response to an unrelated FOIA request using the updated Sentinel search system.  Doc. 25 ¶ 8.  One of the search terms used was "Roger Ailes."  Doc. 25 ¶ 8.  Due to search capability differences between the decommissioned ACS system used in answering Gizmodo's FOIA request initially and the Sentinel system, the FBI located three additional responsive files, containing 31 additional responsive pages.  Doc. 25 ¶ 8.  On September 7, 2018, the FBI informed the Court and Gizmodo via letter of the newly discovered pages.  Doc. 22.  On October 16, 2018, the FBI released these pages to Gizmodo.  Doc. 24.  The

FBI later found and released to Gizmodo some additional pages from the August 23rd search. Doc. 27; Doc. 32.  Notwithstanding these new disclosures, Gizmodo still maintains that the FBI conducted an inadequate search in response to its FOIA request.  The government maintains its position that it has conducted an adequate search.  The parties agree that their cross-motions for summary judgment are now ripe for decision.  Doc. 32.

## II.    LEGAL STANDARD

"'Summary judgment is the procedural vehicle by which most FOIA actions are resolved.'"  *Nat. Res. Def. Council, Inc. v. U.S. Dep't of Interior*, 73 F. Supp. 3d 350, 355 (S.D.N.Y. 2014) (quoting *N.Y. Times Co. v. U.S. Dep't of Def.*, 499 F. Supp. 2d 501, 509 (S.D.N.Y. 2007)).  "Summary judgment is appropriate only where the parties' submissions 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  *Belfi v. Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999) (quoting Fed. R. Civ. P. 56(c)).  "Where, as here, the parties have filed cross-motions for summary judgment, 'each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration.'"  *N.Y. Times Co.*, 499 F. Supp. 2d at 509 (quoting *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001)).

"In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA."  *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994).  "'When a plaintiff questions the adequacy of the search an agency made in order to satisfy its FOIA request, the factual question it raises is whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every

document extant.'" *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999) (quoting *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1201 (D.C. Cir. 1991)) (alteration removed). Generally, the agency need only provide "[a]ffidavits or declarations" with supporting facts to show that it has conducted an adequate search under FOIA. *Carney*, 19 F.3d at 812. Such affidavits or declarations are accorded a presumption of good faith, and the Court may award summary judgment on them alone. *Id.*

### III. ANALYSIS

The Court finds that the FBI conducted an adequate search in response to Gizmodo's FOIA request. The declarations of David Hardy, Section Chief of RIDS, detail at length the FBI's record-keeping system and the measures the FBI took to find documents responsive to Gizmodo's FOIA request. Gizmodo's contention that the FBI's search was inadequate because it failed to produce documents relating to a Department of Justice investigation into Roger Ailes amounts to speculation, which cannot override the presumption of good faith accorded to Hardy's declaration.

The FBI submitted both an initial and supplemental declaration from David M. Hardy, Section Chief of the RIDS, in support of its motion for summary judgment. *See* Docs. 17, 25. The initial declaration by Hardy describes CRS, ACS, and the FBI's initial CRS search undertaken in response to Gizmodo's FOIA request. *See generally* Doc. 17. The supplemental declaration by Hardy describes the FBI's phase-out of ACS and its August 2018 search on Sentinel. *See generally* Doc. 25. The two Hardy declarations together describe an adequate search.

The initial declaration explains that the FBI searched through the CRS using UNI, looking for main and reference indices referencing Ailes. The FBI used the terms "Ailes, Roger,

7

Eugene," "Ailes, Roger, E," "Ailes, Roger," and a phonetic breakdown of "Roger Eugene Ailes." Doc. 17 ¶ 22.  The CRS, as the name suggests, is a comprehensive, central repository of records, containing the investigative, intelligence, personnel, administrative, and general files produced as a result of the FBI's various missions and functions.  *See* Doc. 17 ¶ 13.  Whenever an FBI case file is opened, it is assigned a CRS file classification number, which allows FBI agents and staff to identify and retrieve the file.  Doc. 17 ¶ 14.  A CRS index search encompasses, among other indices, the Electronic Surveillance (ELSUR) Indices, the Microphone Surveillance (MISUR) Indices, the Physical Surveillance (FISUR), and the Technical Surveillance (TESUR) Indices.  Doc. 17 ¶ 20 n.5.  These are the indices Gizmodo specifically asked the FBI to search in its FOIA request.  *See* Doc. 17 Ex. A. at 1.  The FBI also conducted a review of its manual indices for records relating to Roger Ailes held at the FBI Headquarters and field offices in Newark, New York, and Washington, D.C.[4]  Doc. 17 ¶ 22.

According to Hardy's initial declaration, between the CRS search and manual search, the FBI located 147 responsive pages.  Doc. 17 ¶ 24.  A second search to confirm results turned up no additional responsive records.  Doc. 17 ¶ 24.  Out of the 147 pages, 113 of the pages were released to Gizmodo, with the remaining pages withheld under various FOIA exemptions.  Doc. 17 ¶ 24.  Gizmodo does not challenge the FBI's withholdings.

Hardy's supplemental declaration explains how on August 23, 2018, prompted by a separate FOIA request, the FBI conducted a search relating to Roger Eugene Ailes on Sentinel. Doc. 25 ¶ 8.  This search revealed three additional file numbers containing 31 pages worth of additional responsive material.  Doc. 25 ¶ 8.  Hardy's supplemental declaration notes that the Sentinel search system is slightly different from the UNI search the FBI initially conducted,

---

[4] The FBI does not explain why these three particular locations were searched.

owing to Sentinel being a newer case management system. Doc. 25 ¶¶ 7–8. In its papers, the FBI does not explain in what ways the Sentinel search system differs from the UNI search system.

The Court finds that Hardy's declarations show that the FBI conducted an adequate search. Courts have repeatedly upheld index searches of CRS to be adequate when they are supported by detailed declarations explaining the underlying systems and the search procedures used. *See, e.g.*, *Nat'l Day Laborer Org. Network v. United States Immigration & Customs Enf't*, 2017 WL 1494513, at *5 (S.D.N.Y. Apr. 19, 2017) (holding that an FBI search of CRS, as described in two declarations by David Hardy, was reasonable). Here, the FBI searched CRS, as Gizmodo had specifically requested, using ACS, Sentinel, and the manual indices. The FBI described and explained how these systems worked and how it conducted its searches in David Hardy's two declarations. These declarations, which are accorded a presumption of good faith, demonstrate that the FBI has conducted an adequate search.

Gizmodo argues that by only using Ailes's name, the FBI did not adequately search for records relating to a reported DOJ investigation of Fox News concerning payments made to women who accused Ailes of sexual harassment. The FBI argues that its search is adequate because the files sought by Gizmodo would likely be indexed by cross-reference to Roger Ailes.

As an initial matter, Gizmodo is correct that the scope of its FOIA request includes the DOJ investigation. An agency must construe FOIA requests "liberally." *Immigrant Def. Project v. United States Immigration*, 208 F. Supp. 3d 520, 531 (S.D.N.Y. 2016) (citations omitted). Gizmodo requested all records and communications "referring to, *or otherwise regarding*, the deceased: Roger Eugene Ailes," and specifically identified the DOJ investigation as a point of interest. Doc. 17 Ex. A at 1 (emphasis added). Gizmodo's request for documents "regarding"

Ailes, under the liberal interpretation FOIA requires, should be understood to include those concerning the purported DOJ investigation.

However, the Court agrees with the FBI that its search was reasonably calculated to discover those documents. In answering Gizmodo's request, the FBI conducted a search of both main and reference entry indices that contained Roger Ailes's name. Doc. 17 ¶ 22. As described in Hardy's initial declaration, files relating to an investigation primarily concerning one subject but also featuring another subject are cross-referenced via reference entries to the related subject. Doc. 17 ¶ 15. Gizmodo states that the Fox News investigation concerns payments the network made that were prompted by Roger Ailes's alleged sexual harassment. Given the prominence of Ailes in that investigation, a search of reference entries in CRS using Roger Ailes's name is "reasonably calculated to discover" documents relating to the Fox News investigation, *Grand Cent. P'ship, Inc.*, 166 F.3d at 489 (quoting *SafeCard*, 926 F.2d at 1201).

Gizmodo cites to *Nation Magazine v. U.S. Customs Service*, 71 F.3d 885 (D.C. Cir. 1995), to argue that an index search using only the subject's name is insufficient. In *Nation Magazine*, the D.C. Circuit found that a magazine's FOIA request to the U.S. Customs Service seeking "all records and documents *pertaining to*" a former presidential candidate, H. Ross Perot, was "sufficient to alert the agency that appellants sought information about Perot, even if it was not indexed under his name." *Id.* at 888, 890 (emphasis added).

*Nation Magazine*, however, did not hold that index searches of a person of interest's name are *categorically* inadequate in response to FOIA requests about individuals. Rather, *Nation Magazine* held that, since the Customs Service had a collection of "reading files" that were wholly unindexed but may have contained information about Perot, it had to consider searching those unindexed records for information pertaining to Perot and explain why if it chose

10

not to do so. *Id.* at 891–92. It does not state that, where a repository of records *can* be index-searched, the government must do more than an index search to have conducted an adequate search. Here, the CRS can be index-searched, and neither party has identified any collection of files that the FBI did not search because it could not do so via an index search. *Nation Magazine* is therefore consistent with the Court's finding here, that, given the breadth of CRS and the fact that the FBI searched Ailes's name in the CRS reference entries, the FBI conducted an adequate search.[5]

## IV. CONCLUSION

For the reasons set forth above, the FBI's motion for summary judgment is GRANTED and Gizmodo's motion for summary judgment is DENIED. The Clerk of the Court is respectfully directed to terminate the motions, Docs. 14, 18, and close the case.

Dated: March 5, 2019
New York, New York

Edgardo Ramos, U.S.D.J.

---

[5] Gizmodo states that the FBI knows to look for information relating to the Fox News probe in the U.S. Attorney's Office of the Southern District of New York, Criminal Division. To the extent Gizmodo is arguing that the FBI is obliged to conduct a search of that office, the Court holds otherwise. The FOIA requester must submit its request to the agency it believes possesses the sought records. *See Nash v. U.S. Dep't of Justice*, 992 F. Supp. 447, 449 (D.D.C. 1998), *aff'd sub nom. Nash v. Dep't of Justice*, 1998 WL 545424 (D.C. Cir. July 20, 1998); *see also Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150–01 (1980) (holding that a federal court lacks jurisdiction over a FOIA dispute when the agency "has neither the custody or control necessary to enable it to withhold" the requested documents).